UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DARYL LEE SCHEIB,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>Defendant. | No. 2:14-CV-00337-JTR<br><br>ORDER GRANTING DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT AND AMENDING ORDER ON SUMMARY JUDGMENT |

**BEFORE THE COURT** is Defendant's Motion to Alter or Amend Judgment. ECF No. 19. Attorney David L. Lybbert represents Daryl L. Scheib (Plaintiff); Special Assistant United States Attorney Christopher J. Brackett represents the Commissioner of Social Security (Defendant). The Court previously granted Plaintiff's Motion for Summary Judgment and remanded the case for further proceedings. ECF No. 17. Defendant does not challenge the Court's finding that further proceedings are necessary, but argues that the Court clearly erred by ordering the ALJ, on remand, to include certain nonexertional limitations in the ALJ's residual functional capacity (RFC) assessment and hypothetical questions to a vocational expert (VE). In response, Plaintiff argues that the Court's instructions were proper. ECF No. 20. After reviewing the administrative record, Defendant's motion, and Plaintiff's response, the Court **GRANTS** Defendant's Motion to Alter or Amend Judgment.

ORDER GRANTING DEFENDANT'S MOTION
TO ALTER OR AMEND JUDGMENT . . . - 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BACKGROUND**

Plaintiff applied for supplemental security income on February 14, 2011. Plaintiff's application was denied initially and on reconsideration. After a hearing on April 11, 2013, administrative law judge (ALJ) R.J. Payne denied benefits and the Appeals Council subsequently denied review. Plaintiff filed a civil action in district court to obtain judicial review of the agency's decision. Plaintiff and Defendant filed cross-Motions for Summary Judgment. On July 21, 2015, the Court entered an Order Granting Plaintiff's Motion for Summary Judgment and remanded the case for additional proceedings. ECF No. 17.

The Court found the ALJ erred by failing to include all of Plaintiff's non-exertional limitations in the ALJ's RFC determination. *Id.* at 16. The Court found that substantial evidence supported that:

- Plaintiff is moderately limited in his ability to maintain appropriate behavior in a work setting. *See* Tr. 136, 153, 474;

- Plaintiff is moderately limited in his ability to complete a normal workday and workweek without interruptions from psychologically based symptoms. *See* Tr. 136, 153, 474; and,

- Plaintiff is moderately limited in his ability to communicate and perform effectively in a work setting with public contact. *See* Tr. 136, 153, 452.

*Id.* The Court noted that these limitations were supported by the assessments of State agency reviewing physicians Sean Mee, Ph.D., and Jerry Gardner, Ph.D., and examining psychiatrists Aaron Burdge, Ph.D., and Mark Duris, Ph.D. *See id.* at 9-14. On remand, the Court ordered that "the ALJ should include the [the above referenced] limitations in his RFC determination." *Id.* at 16.

Defendant timely filed a Motion to Alter or Amend Judgment on July 31, 2015. ECF No. 19. Plaintiff filed a response to Defendant's motion on August 18, 2015. ECF No. 20.

ORDER GRANTING DEFENDANT'S MOTION
TO ALTER OR AMEND JUDGMENT . . . - 2

**ISSUE**

Defendant argues that the Court clearly erred by requiring the ALJ, on remand, to incorporate certain moderate, nonexertional limitations into the ALJ's RFC assessment and hypothetical questions to the VE. Defendant argues that the Court should amend its Order Granting Plaintiff's Motion for Summary Judgment to omit the Court's instructions for the ALJ to credit particular evidence as true.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 59(e), it is appropriate to alter or amend a judgment if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there was an intervening change in controlling law." *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.,* 555 F.3d 772, 780 (9th Cir. 2009) (citation omitted).

**DISCUSSION**

A district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). "A District Court issuing a remand order is vested with equity powers and, while it may not intrude upon the administrative process, it may adjust its relief to the demands of the case in accordance with the equitable principles governing judicial action." 4 Social Security Law and Practice § 55:85 (2015) (citing *Zambrana v. Califano*, 651 F.2d 842 (2d Cir. 1981)).

In certain circumstances, the reviewing court can order the ALJ, on remand, to credit-as-true certain evidence, including the claimant's testimony or medical evidence. The court should generally only apply the credit-as-true rule when three criteria are met:

> (1) the record has been fully developed and further administrative
> proceedings would serve no useful purpose; (2) the ALJ has failed to

ORDER GRANTING DEFENDANT'S MOTION
TO ALTER OR AMEND JUDGMENT . . . - 3

provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison v. Colvin,* 759 F.3d 995, 1020 (9th Cir. 2014).  The credit-as-true rule is usually applied when the reviewing court remands a case with instructions to calculate and award benefits.  *Id.*

In some cases, however, the Ninth Circuit has remanded cases for further proceedings with instructions that the ALJ credit-as true certain evidence.  For example, in *Williamson v. Commissioner of Social Security*, 438 F. App'x 609, 611-612 (9th Cir. 2011), the Ninth Circuit found the ALJ erred by not considering a doctor's opinion that the claimant was moderately limited in concentration, persistence, and pace.  The Ninth Circuit remanded the case for further administrative proceedings with the instructions that "the ALJ *shall include* Williamson's concentration, pace, and persistence limitations in its RFC assessment and its inquiries to the VE."  *Id.* at 612 (emphasis added).  In *Vasquez v. Astrue*, 572 F.3d 586, 594 (9th Cir. 2008), the Ninth Circuit found that the ALJ erred in discrediting the claimant and remanded for further proceedings with instructions that the ALJ credit the claimant's pain testimony as well as consider other issues, such as whether the claimant had a severe mental impairment.

Given the holdings of *Williamson* and *Vasquez*, the Court disagrees with Defendant that it clearly erred by requiring the ALJ, on remand, to include certain nonexertional, moderate limitations in the ALJ's RFC assessment and inquiries to the VE.

Nevertheless, the Court agrees with Defendant that it is generally not appropriate to require the ALJ to credit-as-true certain evidence because such directives would unnecessarily intrude on the administrative process.  In a well-reasoned opinion from the District of Arizona, the district court analyzed an issue similar to the issue presented by Defendant in this case.  *See Agnew-Currie v.*

ORDER GRANTING DEFENDANT'S MOTION
TO ALTER OR AMEND JUDGMENT . . . - 4

*Astrue*, 875 F. Supp. 2d 967, 974-975 (D. Ariz. 2012) *aff'd sub nom. Agnew-Currie v. Colvin*, 579 F. App'x 578 (9th Cir. 2014). In *Agnew-Currie*, the Defendant argued that the Court "cannot usurp the ALJ's fact finding role by directing the ALJ on remand to credit as true testimony that the ALJ has a variety of reasons to discredit." 875 F. Supp. 2d at 974. The district court discussed the discretionary nature of the credit-as-true rule and noted circumstances where it might be appropriate to credit-as-true certain evidence on remand, including when the claimant is of an advanced age, has suffered a long delay in the application process, or has a need for the income. *Id.* The district court concluded it would

> not order the ALJ to credit any of the doctor's findings or Plaintiff's pain testimony as true on remand. The ALJ should reconsider all evidence in this case, pose the necessary questions to the vocational expert based on that evidence, and make a new determination, de novo, regarding Plaintiff's entitlement to benefits.

*Id.* at 975.

In this case, Plaintiff has not shown that there are circumstances, such as advanced age, undue delay, or need for income, that might justify the application of the credit-as-true rule. Like the district court in *Agnew-Currie*, the Court agrees with Defendant that requiring the ALJ to credit-as-true certain medical evidence creates the potential for the Court to usurp the ALJ's fact finding role. Thus, the Court will amend its Order Granting Plaintiff's Motion for Summary Judgment to instruct the ALJ to make a de novo determination regarding Plaintiff's entitlement to benefits.

The Court disagrees with Plaintiff that this case presents circumstances where the Court should be flexible in applying the credit-as-true rule. ECF No. 20 at 4 (citing *Connett v. Barnhart,* 340 F.3d 871, 876 (9th Cir. 2003)). Plaintiff argues that the Court may credit certain evidence on remand but still require the ALJ to make other findings. But the "flexibility" described in *Connett* seems more limited than argued by Plaintiff, and a court's exercise of this flexibility would

ORDER GRANTING DEFENDANT'S MOTION
TO ALTER OR AMEND JUDGMENT . . . - 5

generally result in courts *not* crediting certain evidence.  In *Garrison*, the Ninth Circuit explained that even when all three parts of the credit-as-true rule are met, courts should still be wary about applying the credit-as-true rule when "the record as a whole creates serious doubt that a claimant is, in fact, disabled."  *Garrison*, 759 F.3d at 1021.

> That interpretation best aligns the credit-as-true rule, which preserves efficiency and fairness in a process that can sometimes take years before benefits are awarded to needy claimants, with the basic requirement that a claimant be disabled in order to receive benefits. Thus, when we conclude that a claimant is otherwise entitled to an immediate award of benefits under the credit-as-true analysis, *Connett* allows flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.

*Id*.  As described in *Garrison*, flexibility in applying the credit-as-true rule does not mean that the Court should use the rule to selectively credit certain evidence and otherwise intrude upon the administrative process.

## CONCLUSION

Upon reconsideration, the Court finds that it did not clearly err by instructing the ALJ to include certain nonexertional, moderate limitations in the ALJ's RFC assessment and inquiries to the VE.  Nevertheless, the Court concludes that the relief requested by Defendant is appropriate in this case.

Accordingly, **IT IS ORDERED:**

1.      Defendant's Motion to Alter or Amend Judgment, **ECF No. 19**, is **GRANTED**.

2.      The Court's Order Granting Plaintiff's Motion for Summary Judgment dated July 21, 2015, **ECF No. 17**, is **AMENDED** to reflect that the ALJ need not credit-as-true the nonexertional, moderate limitations that the Court previously ordered the ALJ to incorporate into the ALJ's RFC assessment and inquiries to the VE.  *See* ECF No. 17 at 11, 14, 16-17.  Instead, the ALJ shall

conduct a de novo determination regarding Plaintiff's entitlement to benefits otherwise consistent with the Court's previous Order, which identified errors in the ALJ's evaluation of the opinions of Dr. Burdge, Dr. Duris, and Mr. Hoyer.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.

DATED September 1, 2015.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION
TO ALTER OR AMEND JUDGMENT . . . - 7